**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLIEK SHAW,** | : | |
| **Petitioner** | : | **No. 1:10-cr-00204** |
| | : | |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Before the Court is Petitioner Alliek Shaw's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 59.) For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

On July 7, 2010, a grand jury returned a one-count indictment charging Petitioner Alliek Shaw with distribution and possession with intent to distribute at least five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1.) In conjunction with a plea agreement, Petitioner pleaded guilty to a one count superceding information, which charged him with distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a)(1), but which did not identify a threshold amount of cocaine. (Doc. Nos. 21, 32.) As a result of the plea agreement, there was no longer a statutory minimum sentence associated with the charges. As Petitioner had at least two prior felony convictions for controlled substance offenses, he was defined as a career offender pursuant to U.S.S.G. § 4B1.1(a). The Pre-Sentence Report calculated Petitioner's Base Offense Level at 29 and his Criminal History Category at VI, which resulted in a sentencing range of 151 to 188 months incarceration. On March 3, 2011, the Court sentenced Petitioner to a 160-month term of imprisonment. (Doc. No. 43)

On June 27, 2013, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of the Fair Sentencing Act of 2010 and Amendment 750 to the United States Sentencing Guidelines. (Doc. No. 59.) Counsel was issued to represent Petitioner with respect to his motion. (Doc. No. 60.) Subsequently, on September 26, 2013, Petitioner's attorney filed a motion to withdraw as counsel because he did not believe Petitioner qualified for a sentence reduction. (Doc. No. 63.) The Court granted counsel's motion to withdraw. (Doc. No. 64.) In conjunction with his motion, Petitioner requested that his counsel submit a supplemental pro se brief (Doc. No. 63-1). Petitioner's supplemental brief asserts that the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013) further mandates reduction of his sentence. (Id.) The Court will consider both Plaintiff's original motion as well as his supplemental brief in its analysis below.

## II. STANDARD OF REVIEW

Under Section 3582(c)(2), a court may only reduce a defendant's sentence if (1) it sentenced the defendant "based on" a sentencing range that has been lowered by an amendment to the Guidelines and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Fair Sentencing Act, effective August 3, 2010, increased the amount of crack cocaine necessary to trigger the statutory mandatory minimums; it requires twenty-eight grams, rather than five grams, to trigger the five-year mandatory minimum, and requires 280 grams, rather than 50 grams, to trigger the ten-year mandatory minimum. 21 U.S.C. § 841. Amendment 750 to the Sentencing Guidelines, which became effective November 1, 2011, altered the drug quantity table in § 2D1.1 for crack cocaine by reducing the corresponding offense levels. See United States v. Easter, 502 F. App'x 152,

153 (3d Cir. 2012).

## III. DISCUSSION

The Court first finds that Plaintiff is not entitled to a sentence reduction under the Fair Sentencing Act. When Petitioner was sentenced on March 3, 2011, the amended mandatory minimum levels provided by the Fair Sentencing Act had already been adopted. Moreover, as a result of his plea agreement, Petitioner was not subject to a statutory minimum, nor was he sentenced in accordance with one. Thus, any changes to the statutory minimums by the Fair Sentencing Act would not have any effect on Petitioner's sentence.

The Court further finds that Amendment 750 does not provide Petitioner with his requested relief. Amendment 750, which lowered the base offense levels for drug quantities, was enacted after Petitioner was sentenced by the Court, but is retroactively applicable. See Easter, 502 F. App'x at 153. However, Petitioner's total offense level was not based on the applicable amended drug quantities, but was instead based on his career offender classification; thus, Amendment 750 did not amend his sentencing range. See U.S. v. Ware, 694 F.3d 527, 532-34 (3d Cir. 2012); U.S. v. Thompson, 682 F.3d 285, 290–91 (3d Cir. 2012); United States v. Davidson, 488 F. App'x 646, 647-48 (3d Cir. 2012) ("Amendment 750 has no effect on his offense level, which was based on his designation as a career offender."). When "an amended Guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range." United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009). Thus, because Amendment 750 does not affect Petitioner's sentencing range or his ultimate sentence, the Court finds that Petitioner is not entitled to a sentence reduction on this ground. Accordingly, the Court will deny his motion.

In his supplemental brief, Petitioner asserts another ground for relief. Specifically, he argues that, following the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), designation as a "career offender" must be charged in the indictment and proven to a jury beyond a reasonable doubt. Petitioner's argument has no merit. In Almendarez–Torres v. United States, the Supreme Court held that, regarding sentence enhancement, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proven beyond a reasonable doubt. 523 U.S. 224, 239-40 (1998). Petitioner contends that Almendarez-Torres no longer applies but, contrary to Petitioner's assertion, Almendarez-Torres remains controlling law on the matter. See United States v. Blair, 734 F.3d 218, 226 (3d Cir. 2013) ("Almendarez–Torres has not been narrowed [by Alleyne] and remains the law."); United States v. Edwards, 530 F. App'x 606, 607 (8th Cir. 2013) cert. denied, 13-8533, 2014 WL 901901 (U.S. Mar. 10, 2014) ("[Defendant's] complaint that his sentence is unconstitutional because the indictment did not charge his career-offender status is foreclosed by Almendarez–Torres . . . which remains good law.")

Indeed, Alleyne[1] expressly preserves Almandarez-Torres and its proclamation that the facts of a prior conviction are an exception to Alleyne's general rule and can be decided by a judge, rather than a jury. See Alleyne, 133 S.Ct. at 2160 n. 1 (noting that "[i]n Almendarez–Torres . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it

---

[1] Moreover, as Alleyne stands for the proposition that "[f]acts that increase the mandatory minimum sentence are [elements of the crime] and must be submitted to the jury and found beyond a reasonable doubt," 133 S. Ct at 2158 (emphasis added), the Court observes that Alleyne additionally does not apply because Petitioner was not sentenced pursuant to a mandatory minimum sentence, but rather according to the advisory sentencing guidelines.

for purposes of our decision today.”). Stated simply, Alleyne does nothing to alter the rule that, for sentencing enhancement purposes, the fact of a prior conviction need not be submitted to a jury. See United States v. Cooper, 739 F.3d 873, 884 (6th Cir. 2014) (holding that the commands of Alleyne do not apply to career-offender guidelines); United States v. Wright, No. 05-619-1, 2013 WL 5707876, at *4 n.22 (E.D. Pa. Oct. 18, 2013) (“Defendant's guidelines range was increased because he was a ‘career offender,’ within the meaning of U.S.S.G. § 4B1.1, a fact proved because of prior convictions; therefore, there could be no violation of the principles outlined in Alleyne and related cases.”).

## III. CONCLUSION

As neither the Fair Sentencing Act, Amendment 750 nor the Supreme Court’s holding in Alleyne serve as a basis to reduce Petitioner’s sentence, his motion will be denied. An order consistent with this memorandum follows.